IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2013

**STATE OF TENNESSEE v. MYRON TYRONE HARRISON**

**Appeal from the Criminal Court for Davidson County**
**No. 2004-D-2851      J. Randall Wyatt, Jr., Judge**

**No. M2012-01155-CCA-R3-CD - Filed August 15, 2013**

Appellant, Myron Tyrone Harrison, entered a guilty plea to sale of a Schedule II controlled substance and received a seven-year suspended sentence. Subsequently, his probation officer filed probation violation warrants alleging that: (1) appellant had tested positive for cocaine on a drug test; (2) he had failed to obtain employment; and (3) he was arrested for public intoxication and failed to report the arrest. Following a hearing, the trial court revoked appellant's probation and ordered execution of his sentence. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Jeffrey T. Daigle (on appeal); and Ed Swinger (at revocation hearing), Nashville, Tennessee, for the appellant, Myron Tyrone Harrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

The record reflects that on January 27, 2005, appellant entered a guilty plea to sale of a Schedule II controlled substance and received the agreed-upon seven-year probationary sentence. Appellant's probation officer subsequently filed a probation violation warrant and an amendment thereto on February 24, 2012, and March 23, 2012, respectively.

The trial court held a hearing on the probation violation warrant on April 26, 2012. The State called Bisi Delano, appellant's probation officer, as a witness. Ms. Delano testified that she obtained the first probation violation warrant on February 24, 2012. The basis for the warrant was that appellant tested positive for cocaine and that he had failed to obtain employment. Appellant was also behind in paying his supervision fees. Ms. Delano offered appellant the opportunity to participate in a drug treatment program, but he declined. She obtained an amended warrant on March 23, 2012, because appellant was arrested for public intoxication in Wilson County and failed to report the arrest. He did not have permission to travel to Wilson County.

Ms. Delano clarified that she had not been appellant's probation officer for the duration of his probation. She assumed supervision of appellant's case in September 2011. In reviewing her file, she noted several prior probation violation reports. Ms. Delano also explained an incident that had occurred in the courtroom approximately two weeks earlier. She had been seated in the front row, and court was in session. Appellant's attorney asked appellant and his mother to join him outside of the courtroom. As they were leaving the courtroom, appellant's mother struck Ms. Delano on her back. Ms. Delano asked appellant's mother why she hit her. In response, appellant's mother stated, "'I hit you? I hit you? You be careful.'" Ms. Delano said that appellant's mother "was smiling as if to say[,] [']I will do it again[.][']" Ms. Delano told appellant's mother that if she tried it again, she would retaliate. At the same time, appellant "charged" or "lunged" toward Ms. Delano. She reported the incident to the court officer. She considered legal action but decided to "let it go." Another probation officer, Stephanie Malone, was seated beside Ms. Delano when the incident occurred.

On cross-examination, Ms. Delano denied having any conversations with appellant's previous probation officer. She was not aware that appellant had been hospitalized at Middle Tennessee Hospital[1] or that he had also been admitted to Centerstone. Neither was she aware that appellant's brother had been hospitalized at MTMHI for ten to fifteen years and was still there. Counsel posited to Ms. Delano that perhaps appellant could not work, to which she replied, "If he cannot work[,] at least there should be a paper to say[,] [']][T]his is his situation.[']" Ms. Delano acknowledged that appellant had also garnered two trespassing charges but that she was not aware of those arrests until after she had completed the probation violation warrants.

The trial court then advised the State that it wanted to hear "the truth" about the prior incident in the courtroom, so the State called Stephanie Malone as a witness. However, the

---

[1] Presumably, appellant's counsel is referring to the Middle Tennessee Mental Health Institute ("MTMHI").

trial court first noted that appellant was in court to answer for the probation violations rather than the incident in the courtroom. Ms. Malone testified that she, Ms. Delano, and a third female were seated on the front row of the courtroom. Appellant and his mother were seated directly behind them. When appellant and his mother left their seats, she did not observe appellant's mother strike Ms. Delano. However, she asked Ms. Delano, "'Did she just hit you?'" Ms. Malone asked the question because when appellant's mother passed behind them, Ms. Delano turned around quickly in her seat and addressed appellant's mother, saying, "You are too old to be doing that." Appellant, his mother, and Ms. Delano then engaged in an argument, and "Mr. Dickerson"[2] approached and "dispersed the crowd." Ms. Malone heard appellant's mother say something "to [the] effect . . . [that] she would do it" again, to which Ms. Delano replied, "'If you do it[,] then I am going to do something back to you[.]'" Ms. Malone indicated that appellant interjected but that his words were not as "intense" as what his mother was saying.

At the close of the State's proof, appellant, through counsel, argued that because his seven-year probation began in January 2005 and the probation violation warrant was not obtained until February 2012, his probationary sentence had expired. The State responded that following appellant's November 12, 2010 probation violation, he served time in jail, and his probationary term began anew. The trial court took the matter under advisement and adjourned until the following day.

At the April 27, 2012 hearing, the trial court reviewed appellant's criminal history:

> Just to give a brief summary . . . , you pled guilty . . . in January of '05 . . . to selling drugs, cocaine, and [received] a seven[-]year suspended sentence as a range II offender[,] which tells me that you have had a history of criminal charges and convictions.
>
> Then[,] on the 12th day of October of 2007, you had a probation violation[.] [Y]ou conceded that, and you served 14 days and were . . . reinstated on probation. On April 1, 2008[,] you had another probation violation warrant[;] you conceded it. [After] [t]he second violation[,] you [were] reinstated to probation [] again [] and put on intensive probation . . . [T]hen[,] on December 11, 2008, . . . you conceded a third probation violation and [were] ordered to serve split confinement, go into Lifelines, [and] finish that. . .

---

[2] Although it is not clear from the record, from the context of the transcript, "Mr. Dickerson" appears to be a court officer.

[On] June 30, 2009 . . . , [you] were reinstated again[,] and then on November 12, 2010, . . . you conceded your fourth probation violation and agreed to restart the probation on intensive probation . . . .

. . . .

[S]o you were still on probation [at] the time when this matter came up.

The trial court ultimately ruled that "there [was] no question" that appellant was in violation of his probation and revoked his probation.

## II. Analysis

Appellant's sole argument on appeal is that the trial court improperly allowed the prior incident in the courtroom to cloud its judgment and influence him to revoke appellant's probation. The State counters that the record supports the trial court's order. We agree with the State.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to revoke the probation and suspension of sentence. Tenn. Code Ann. § 40-35-311(e)(1) (2010 & Supp. 2012). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)).

Applying this standard, we conclude that the record supports the trial court's ruling. Appellant had previously received four reinstatements of his probation following violations. The violations in question in this case included a positive drug test for cocaine and failure to report an arrest for public intoxication. The trial court did not abuse its discretion in revoking appellant's probation.

Appellant's argument that the trial court placed improper emphasis on the incident in the courtroom and based its decision thereon is without merit. Before the trial court asked to hear from Ms. Malone, it clearly stated on the record that appellant was in court to answer for his probation violations, not for the prior incident. The trial court was appropriately concerned about security in its courtroom and inquired further into the incident. It is clear from the record that the trial court did not consider the incident in ordering revocation of appellant's probation. He is not entitled to relief.

## CONCLUSION

Based upon the record, the parties' briefs, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE